**Terry JORGENSEN, Plaintiff—Appellant,**

v.

**CHANNEL 5 KPHO TV; Meredith Broadcasting Corp., Defendants—Appellees.**

No. 06–15922.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.[*]

Filed Sept. 27, 2007.

Terry Jorgensen, Phoenix, AZ, pro se.

David E. Rauch, Jeffrey C. Warren, Esq., Martha E. Gibbs, Esq., Snell & Wil-

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

mer, LLP, Phoenix, AZ, for Defendants–Appellees.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Terry Jorgensen appeals pro se from the district court's summary judgment for defendants in his diversity action for libel and false light invasion of privacy. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Pan Pac. Retail Props., Inc. v. Gulf Ins. Co.*, 471 F.3d 961, 965 (9th Cir.2006), and we affirm.

Jorgensen contends that the district court erred in ruling that certain news reports about his arrest were protected from liability by the "fair reporting privilege" under Arizona law. To the contrary, the district court properly granted summary judgment because Jorgensen failed to raise a triable issue as to whether the challenged news reports were fair and accurate summaries of public information. *See Sallomi v. Phoenix Newspapers, Inc.*, 160 Ariz. 144, 771 P.2d 469, 471–72 (Ariz. Ct.App.1989) (applying privilege to news articles that "were a fair and accurate abridgement of the public records").

Further, the district court did not err by concluding that the "fair reporting privilege" applies in cases involving private individuals. *See id.* Moreover, even if Jorgensen could establish every element of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his tort claims, the privilege would bar recovery. *Id.*

Jorgensen's remaining contentions are unpersuasive.

**AFFIRMED.**